IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS JOHNSON, on behalf of )
himself and on behalf of a )
class of persons similarly )
situated, )
 )
            Plaintiff, )
 )
  v. )      1:13CV156
 )
DUKE ENERGY RETIREMENT CASH )
BALANCE PLAN and DUKE ENERGY )
CORPORATION, )
 )
           Defendants. )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

    Presently before this court is Defendants' Motion to Stay or Dismiss (Doc. 12). Defendants have filed a memorandum in support of their motion (Doc. 13), Plaintiff has filed a response in opposition (Doc. 16), and Defendants have filed a reply (Doc. 18). For the reasons that follow, this court will grant the motion. This case will be stayed pending exhaustion

of Plaintiff's administrative remedies.[1]

**I.   BACKGROUND**

Plaintiff Thomas Johnson ("Plaintiff") worked for Defendant Duke Energy Corporation ("Defendant Duke Energy") from June 1978 until March 31, 2008. (Complaint ("Compl.") (Doc. 1) ¶ 26.) At all relevant times, he has participated in Defendant Duke Energy Retirement Cash Balance Plan (the "Plan"). (Id.) He brings suit under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), alleging that Defendants' rounding methods have resulted in an understatement of his retirement benefits under the Plan.[2]

At the time he filed the instant lawsuit, Plaintiff had not invoked the formal channels of the Plan's administrative claims

---

[1] The parties prefer a stay to a dismissal in this case. Because this court agrees and finds that a stay is warranted, this order does not address Defendants' argument pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants have also requested oral argument on their motion pursuant to Local Rule 7.3(c)(1). This court finds that oral argument is unnecessary because the briefs adequately set out the parties' respective positions.

[2] In addition to himself, Plaintiff seeks to represent a class of present and former participants in the Plan. His Motion for Class Certification (Doc. 14) is pending. As addressed below, this court will postpone determination of that motion until after the stay entered by this order has been terminated.

-2-

process.[3] Under Article XI of the Plan, a participant may not bring suit on a claim for benefits without first exhausting a two-level administrative process. (See Compl., Ex. A (Doc. 1-1) at 47-49.)[4] To initiate this process, the participant must submit a written claim to the Plan Administrator or its delegate. If that claim is denied in whole or in part, the participant may submit a written appeal to the Plan Administrator or its delegate within sixty days of receiving the written denial. The decision on appeal "shall be final and conclusive and a Claimant shall not be permitted to bring suit

---

[3] Plaintiff had called Aon Hewitt several times to demand payment of the benefits which he contends he is owed. (Compl. (Doc. 1) ¶¶ 48-50.) However, he did not submit a written claim as required by the Plan. The October 5, 2012 letter Plaintiff received presented the formula used to calculate Interest Credits under the Plan and invited Plaintiff to contact the Duke Energy myHR Service Center if he had additional questions. (See id., Ex. C (Doc. 1-3).) The letter was not a denial of a formal claim.

Plaintiff's counsel also wrote a letter to Defendant Duke Energy demanding payment of the retirement benefits allegedly owed. (Compl., Ex. D (Doc. 1-4).) In response to that letter, Defendant Duke Energy informed Plaintiff's counsel that the demand did not comply with the Plan's claims procedure and would be treated as a request for information rather than as a claim for benefits. (Id., Ex. E (Doc. 1-5) at 1.) The response also directed Plaintiff's counsel to the requirements and procedures for submitting claims set out in Article XI of the Plan if Plaintiff wished to file a formal claim.

[4] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

on a claim without first exhausting the remedies available [under Article XI]."  (Id. at 49.)

Defendants chose to treat the Complaint in this case – which was filed on February 22, 2013 - as a written claim for benefits under the Plan.  (See Defs.' Mot. to Stay or Dismiss, Ex. 1 (Doc. 12-1).)  On May 21, 2013, Aon Hewitt, in its role as the Plan Administrator's delegate, sent Plaintiff a letter notifying him that his claim had been denied.  (See Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Stay or Dismiss ("Pl.'s Mem."), Ex. 1 (Doc. 16-1).)  That letter informed Plaintiff that he could appeal the decision to the "Duke Energy Claims Committee, which has been delegated the authority to review denied claims by the Plan Administrator," by submitting a written request within sixty days after receiving the letter. (Id. at 5.)  Although he believes no further exhaustion of administrative remedies should be required, Plaintiff submitted an appeal under protest to the Duke Energy Claims Committee on June 3, 2013.  (Pl.'s Mem., Ex. 3 (Doc. 16-3).)  That appeal is still pending.  As represented to this court by Defendants, the administrative appeal process should conclude by September 20, 2013.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) (noting the well-recognized, inherent power of district courts to grant discretionary stays "under their general equity powers and in the efficient management of their dockets to grant relief"). In determining whether a stay is warranted, the district court must "exercise . . . judgment" and "weigh competing interests [to] maintain an even balance." Landis, 299 U.S. at 254-55. A district court may stay an ERISA case pending completion of the plan's administrative process. See, e.g., Leaven v. Philip Morris USA Inc., No. 1:04CV00907, 2006 WL 1666741, at *4 (June 6, 2006); Evans v. Midland Enters., Inc., 704 F. Supp. 106, 107 (M.D. La. 1989) ("[T]he Court believes it would be in the interest of justice and judicial economy to stay this case rather than dismiss it pending exhaustion of administrative remedies under the plan.").

## III. ANALYSIS

### (1) Motion to Stay or Dismiss

Article XI of the Plan requires a claimant to file a written claim for benefits and, if the claim is denied, to submit an administrative appeal. Plaintiff did not initiate that process before filing this lawsuit and has not yet exhausted those remedies. Having now completed the first stage of the required administrative process, Plaintiff has submitted an administrative appeal to the Duke Energy Claims Committee. That appeal should be completed by September 20, 2013.

In general, an ERISA plan participant "must both pursue and exhaust plan remedies before gaining access to the federal courts." Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005); see also Makar v. Health Care Corp. of Mid-Atl. (CareFirst), 872 F.2d 80, 82 (4th Cir. 1989) ("This exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes."). A failure to exhaust administrative remedies may be excused if any attempt to pursue those remedies would be futile. This exception, however, is narrow. Before the exhaustion requirement may be waived on this basis, the plan participant must make a "clear and positive" showing of futility. Kunda v. C.R. Bard, Inc., 671 F.3d 464, 471-72 (4th

-6-

Cir. 2011); Hickey v. Digital Equip. Corp., 43 F.3d 941, 945 (4th Cir. 1995); Makar, 872 F.2d at 83; Fulk v. Hartford Life Ins. Co., 839 F. Supp. 1181, 1186 (M.D.N.C. 1993); see also Kern v. Verizon Commc'ns, Inc., 381 F. Supp. 2d 532, 537 (N.D. W.Va. 2005) ("The futility exception . . . is quite restricted, and has been applied only when resort to administrative remedies is 'clearly useless.'" (omission in original) (quoting Commc'n Workers of Am. v. Am. Tel. & Tel. Co., 40 F.3d 426, 432 (D.C. Cir. 1994)) (internal quotation marks omitted)).

Plaintiff asks this court to find either of the following: (1) that Plaintiff's administrative remedies have been adequately exhausted, or (2) that requiring further administrative efforts would be futile. For the reasons that follow, this court declines to make either finding.

Plaintiff's first argument appears to be that the May 21, 2013 letter he received from Aon Hewitt denying his administrative claim is proof that he has adequately exhausted his remedies under the Plan. (See Pl.'s Mem. (Doc. 16) at 4) ("That letter makes clear that Defendants have denied the administrative claim."). The May 21 letter, however, shows only that Plaintiff has now completed the first stage of the two-level review process required by Article XI of the Plan.

-7-

Accordingly, this court concludes that Plaintiff has not yet adequately exhausted his remedies under the Plan.

In the alternative, Plaintiff asks this court to find that further efforts to pursue his claim administratively would be futile. He argues that "it is reasonable to conclude further exhaustion efforts will not change Defendants' position" because "the issue between the parties is not a matter of opinion or factual dispute but rather a fundamental disagreement on the mathematical calculations and the plain terms of the Plan."[5] (Id. (Doc. 16) at 5.) This argument is insufficient to make the "clear and positive" showing of futility required by law.

Plaintiff's argument is essentially that the denial of his claim upon first-level review renders any administrative appeal futile. However, an initial denial is generally insufficient to make a "clear and positive" showing of futility when there is a right to an administrative appeal. See, e.g., Commc'n Workers of Am., 40 F.3d at 433 ("Because the Plan's final review authority, the Benefits Committee, never had an opportunity to

---

[5] Plaintiff also suggests that "[u]nder the circumstances and to provide speedy disposition of the underlying issues and avoid redundant proceedings and additional delay, it is appropriate for this Court to find that further exhaustion of administrative remedies is excused." (Pl.'s Mem. (Doc. 16) at 5.) Plaintiff cites no authority that a court may consider such factors in deciding whether to excuse further exhaustion of administrative remedies, and this court has been unable to find any.

-8-

render a final determination on [the plan participants'] claims, we fail to see any basis for finding than an unfavorable decision by that Committee was a foregone conclusion."); Corrias v. UnumProvident Corp., 472 F. Supp. 2d 685, 688 (M.D.N.C. 2007) ("[The plaintiff] has admittedly failed to file any appeal, and the applicable appeal procedures provide for both access to relevant documents and review by a different person than the person who made his initial eligibility determination."). Even if it is reasonable to conclude that the administrative appeal will also result in an unfavorable decision, Plaintiff has not shown that the appeal is "clearly useless," see Corrias, 472 F. Supp. 2d at 688, or that an unfavorable decision by the Duke Energy Claims Committee - which has not yet had an opportunity to review the claim - is a "foregone conclusion," see Commc'n Workers of Am., 40 F.3d at 433.

Based on the foregoing, this court finds that Plaintiff has not yet exhausted his administrative remedies under the Plan and that his failure to do so is not excused. Accordingly, this court will stay this case until a final decision has been issued in Plaintiff's administrative appeal.

**(2) Joint Motion to Postpone Class Action Determination**

Also pending is the parties' Joint Motion to Postpone Determination of Plaintiff's Motion for Class Certification

Pending Completion of Preliminary Proceedings (Doc. 17). Specifically, the parties ask this court to postpone briefing on and determination of Plaintiff's Motion for Class Certification (Doc. 14).

Pursuant to Local Rule 23.1(b), this court may "order postponement of the [class action certification] determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances. Whenever possible, . . . a date will be fixed by the Court for renewal of the motion." This court finds that the relief requested in the motion is appropriate and necessary in the circumstances and will further the interests of judicial economy and efficiency. Accordingly, this court will grant the joint motion. Plaintiff shall renew his motion within 20 days after the termination of the stay entered by this order.

**IV. CONCLUSION**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay or Dismiss (Doc. 12) is **GRANTED**. This case will be stayed pending exhaustion of Plaintiff's administrative remedies under Article XI of the Plan.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Postpone Determination of Plaintiff's Motion for Class Certification Pending Completion of Preliminary Proceedings

-10-

(Doc. 17) is **GRANTED**.  Plaintiff shall renew his motion within 20 days after the stay entered by this order is terminated.

**IT IS FURTHER ORDERED** that the parties shall notify this court in writing immediately after a final decision has been issued on Plaintiff's administrative appeal of his claim.

This the 30th day of September, 2013.

                                                                       */s/ William L. Osteen, Jr.*
                                                                       United States District Judge